UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DAVID OPPENHEIMER, § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> WILLIAM T. KORIOTH; § <br> KONA COAST, LLC d/b/a § <br> WHITEWATER MUSIC § <br> AMPHITHEATER; KONA COAST § <br> VENTURE LTD; d/b/a § <br> WHITEWATER MUSIC § <br> AMPHITHEATER; and § <br> WHITEWATER SPORTS, LLC d/b/a § <br> WHITEWATER MUSIC § <br> AMPHITHEATER § <br>     Defendants. § | | CA No. **6:19-cv-300** <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendants, William T. Korioth ("Korioth"), Kona Coast, LLC d/b/a Whitewater Music Amphitheater ("KC"); Kona Coast Venture LTD, also d/b/a Whitewater Music Amphitheater ("KCV"); and Whitewater Sports, LLC, also d/b/a Whitewater Music Amphitheater ("Whitewater") (collectively, "Defendants") alleges:

### JURISDICTION/VENUE

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.).

2. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331

inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

## THE PARTIES

3. Oppenheimer is a citizen of North Carolina engaged in the business of professional photography, and who resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

4. Korioth is an individual citizen of the State of Texas, as well as the majority owner, manager, direct, and/or other principal of KC, KCV, and Whitewater, and will receive actual notice of this filing by service upon him at 3400 Oakmont Blvd, Austin, TX, 78703, or wherever else he may be found.

5. KC is a Texas corporation and will receive actual notice of this Complaint by service upon its registered agent, Angie Row, at 11860 FM 306 New Braunfels, TX, 78132.

6. KCV is a Texas corporation and will receive actual notice of this Complaint by service upon its registered agent, Angie Row, at 11860 FM 306 New Braunfels, TX, 78132.

7. Whitewater is a Texas corporation and will receive actual notice of this Complaint by service upon its registered agent, Angie Row, at 11860 FM 306 New Braunfels, TX, 78132.

## INTRODUCTORY FACTS

8. Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in the photograph at issue in this matter (the "Work") (See **Exhibit 1**).

9. Oppenheimer makes his photographic works available for print sales and licensing online at his website http://www.performanceimpressions.com.

10. Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Work and registered the copyrights with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 2** is the certificate of registration for the work entitled "Rothbury Festival Photos by David Oppenheimer" Registration No. VA 1-778-968, which includes the Work at issue in this matter.

11. At all relevant times hereto, Oppenheimer has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registration and photographic Work. Oppenheimer's copyrights in the above-described Work are presently valid and subsisting, and were valid and subsisting from the moment of its creation, and all conditions precedent to the filing of this suit have occurred.

12. For many years, it has been Oppenheimer's custom and business practice to display his copyright management information (hereinafter, "CMI") on his copyrighted photographs when they are first published by him, and thereafter. The Work at issue in this case, as first published, prominently displayed his CMI in the caption and with a watermark, as well as embedded in the metadata of the Work. Additionally, because Defendants are active members of entertainment/music industry – owning and operating a popular live music venue and actively promoting artists and live performances – upon information and belief, they are well-versed in intellectual property and rights-management. Thus, Defendants were on notice and appreciated that the Work was copyright-protected, and could not be used without license.

13. Fewer than three years before this filing, Oppenheimer discovered that KC, KVC, and Whitewater – by and through their trade name "Whitewater Music Amphitheater" – infringed his copyrighted Work by displaying it, causing it to be displayed on, distributing it, or otherwise contributing to its display the following URLs:

**Facebook**
- https://www.facebook.com/Whitewater.Music.Amphitheater/photos/a.186493198054922.135545443149698/1002609223109978/?type=3&theater
- https://scontent-at13-1.xx.fbcdn.net/v/t1.0-9/13087548_1002609223109978_3453006288897680492_n.jpg?oh=96c9f476375b60103993418a954bcfaf&oe=57E4A2E5

**Sacurrent.com**
- https://www.sacurrent.com/sa-sound/archives/2016/04/26/is-willie-nelson-playing-a-surprise-concert-tonight-with-neil-young
- http://media2.fdncms.com/sacurrent/imager/u/blog/2522546.img_0933.png?cb=1461691850

**Eventsfy.com**
- https://www.eventsfy.com/event/needtobreathe-all-the-feels-tour139572/new-braunfels/whitewater-amphitheater408004/2017-09-24
- https://www.eventsfy.com/event/turnpike-troubadours196431/new-braunsfels/whitewater_emphitheater408004/2017-07-22
- https://www.eventsfy.com/assets/images/venues/fb_whitewateramphitheater.jpg
- https://www.eventsfy.com/event/the-avett-brothers-tickets-rescheduled-from-april-1438887/.new-braunsfels/whitewater-amphitheater408004/2017-08-19
- https://www.eventsfy.com/assets/images/venues/fb_whitewateramphitheater.jpg

14.

(**See Exhibit 3**).

15. Upon information and belief, Defendants accessed Oppenheimer's Work on the Web, scraped the image, and then utilized it in advertising materials in multiple social media and web-based platforms in order to advertise, market, or otherwise promote the "Whitewater Music Amphitheater."

16. On April 24, 2019, Oppenheimer's attorney sent Defendants a letter about their infringement of the copyrighted Work, and requested information about the nature and extent of their infringing activities (**Exhibit 4**). Thereafter, despite Oppenheimer's persistent and best efforts, the parties were unable to reach an amicable resolution, and, thus, this suit has become necessary.

## CAUSES OF ACTION

### COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

17. Oppenheimer re-alleges and incorporates paragraphs 1 – 16 above as if recited *verbatim*.

18. Defendants, without knowledge or intent, infringed Oppenheimer's copyrights in and to the Work by scanning, copying, reproducing, distributing, publishing, and/or otherwise using unauthorized copies of said photographs within the United States, in violation of Title 17 USC §101 *et seq.*

19. Upon information and belief, Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, other relief set forth in Title 17.

### COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

20. Oppenheimer re-alleges and incorporates paragraphs 1 – 19 above as if recited *verbatim*.

21. Alternatively, Defendants recklessly/willfully infringed Oppenheimer's

copyrights in and to the Work by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photographs within the United States in violation of Title 17 USC §101 *et seq.*

22. Because Oppenheimer's Work, when published, prominently displayed his CMI in the caption, and with a legible, facial watermark, as well as embedded in the metadata of the Work, and because upon information and belief Defendants are well-versed in intellectual property and rights management – Defendants were on notice that the Work was copyright-protected, yet infringed on it anyway.

23. Upon information and belief, Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, other relief set forth in the Act.

## COUNT III – CONTRIBUTORY COPYRIGHT INFRINGEMENT

24. Oppenheimer re-alleges and incorporates paragraphs 1 – 23 above as if recited *verbatim*.

25. Korioth has caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements, and/or has refused to exercise his right and/or ability to stop the infringement(s) after they began.

26. On information and belief, Korioth controlled nearly all decisions and activities of KC, KCV, and Whitewater, and is the dominant influence in the companies. Korioth

provided hands-on decision making with respect to the activities of the entity Defendants, making most of the decisions. KC, KCV, and Whitewater therefore had the right and ability to supervise and/or control the infringing conduct of KC, KCV, and Whitewater – and of their employees, agents, or servants – and/or to stop the infringements once they began. Additionally, and upon information and belief, Korioth had obvious and direct financial interests in the infringing activities of KC, KCV, and Whitewater.

## COUNT V – VICARIOUS COPYRIGHT INFRINGEMENT

27. Oppenheimer re-alleges and incorporates paragraphs 1 - 26 hereinabove as if recited *verbatim*.

28. Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time they performed the infringing acts, Korioth was an officer, director, manager, and/or other genre of controlling principal of/for KC, KCV, and Whitewater.

29. On information and belief, Korioth controlled nearly all decisions and activities of KC, KCV, and Whitewater, and exerted dominant influences on the companies. Korioth provided hands-on decision making with respect to the activities of the companies, making most or all of the decisions. Korioth therefore had the right and ability to supervise and/or control the infringing conduct of the entity Defendants, and/or to stop the infringements once they began. Upon information and belief, Korioth had obvious and direct financial interests in the infringing activities of KC, KCV, and Whitewater.

30. Accordingly, Korioth is personally liable to Oppenheimer as a joint and/or contributory infringer, or is otherwise vicariously liable for the infringing activities of KC, KCV, and Whitewater.

## CAUSATION/DAMAGES

31. As a result of Infringers' above-described acts of copyright infringement, Oppenheimer has sustained actual damages in an amount not yet ascertained, but which discovery will illuminate. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of the infringers' profits attributable to their infringements, statutory damages, research time tracking down and documenting the infringements, and time spent serving third parties displaying the infringing with take down and preservation of data notices.

## RELIEF REQUESTED

32. Oppenheimer demands an accounting by Defendants of their infringing activities, and disgorgement of their gross profits, and/or all other benefits attributable thereto.

33. Oppenheimer is entitled to recover and therefore seeks recovery of actual damages plus all of Defendants' profits attributable to the infringements.

34. Alternatively, at Oppenheimer's election, because the image was registered prior to Defendants' infringements, Oppenheimer is entitled to and seeks recovery of statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars)*,* plus costs, including costs and Lodestar attorney's fees, pursuant to 17 U.S.C. § 504(c) and §505.

**Oppenheimer DEMANDS JUDGMENT AS FOLLOWS:**

35. That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Oppenheimer's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or

otherwise distributing any of his photographic images, and from using his images in sales, marketing, and/or advertising;

36. That Defendants be required to deliver-up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Oppenheimer's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Infringers;

37. That Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the reckless and/or willful and unlawful acts of copyright infringement above-described;

38. That Defendants be ordered to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Oppenheimer's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. § 504(b);

39. In the alternative, at Oppenheimer's election *after verdict*, that Defendants be ordered to pay maximum statutory damages in the amount $150,000 for the Work infringed pursuant to 17 U.S.C. § 504(c); or such other amount as the jury may deem proper;

40. That Defendants be ordered to pay to Oppenheimer all of his Lodestar costs including attorney's fees; *and*

41. That Oppenheimer recover judgment for such other and further relief as this court deems just and proper, including maximum pre and post judgment interest on all sums due.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

**LEJUNE LAW FIRM**

By:   /s/ Dana A. LeJune
**Dana A. LeJune**
Texas Bar: 12188250
NC Bar: 49025
**Scott M. Francis**
Texas Bar: 24088795
1225 North Loop W
Suite 825
Houston, Texas   77008
713.942.9898 Phone
713.942.9899 Facsimile
dlejune@triallawyers.net